# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NEDRA KAY SNOW,

        Plaintiff,

v.

        CIVIL ACTION

        No. 11-1012-JWL

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on the motion of the Commissioner of Social Security (hereinafter Commissioner) to dismiss Plaintiff's Complaint "for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted" because Plaintiff failed to exhaust her administrative remedies in proceedings before the Commissioner. (Doc. 9, p. 1) (hereinafter Comm'r Br.). Because "a final decision of the [Commissioner] made after a hearing" is "central to the requisite grant of subject-matter jurisdiction," the Commissioner's motion is properly considered as a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (lack of subject-matter jurisdiction) rather than Rule 12(b)(6) (failure to state a claim). Weinberger v. Salfi, 422 U.S. 749, 763-764 (1975); see also Harline v. DEA, 148 F.3d 1199, 1202 (10th Cir. 1998)

(quoting Weinberger 422 U.S. at 764); and Reed v. Heckler, 756 F.2d 779, 782-84 (10th Cir. 1985) (recognizing administrative exhaustion impacts subject matter jurisdiction, and finding jurisdiction where there was a colorable constitutional claim and a showing of irreparable injury). Briefing on the motion has been complete and it is ripe for decision.

Plaintiff filed her Complaint pursuant to the Social Security Act alleging denial of due process of law, and seeking remand for a supplemental hearing on her application for disability benefits. (Doc. 1). It is this Complaint which the Commissioner argues should be dismissed because Plaintiff failed to exhaust her administrative remedies before the Commissioner and because she has not stated a colorable constitutional claim excusing that failure. The court finds it has jurisdiction pursuant to 42 U.S.C. § 405(g) because Plaintiff has stated a colorable constitutional claim of a violation of due process of law. Califano v. Sanders, 430 U.S. 99, 109 (1977) ("when constitutional questions are in issue, the availability of judicial review is presumed"); Bartlett v. Schweiker, 719 F.2d 1059, 1061 (10th Cir. 1983). However, the court cannot determine from the facts presented here whether constitutionally sufficient notice of the Commissioner's hearing decision was provided to Plaintiff. Therefore, the court DENIES the Commissioner's Motion to Dismiss and ORDERS that this case shall be REMANDED to the Commissioner for an evidentiary hearing to address the question of constitutionally sufficient notice.

**I.      Background**

As a preliminary matter, the court will address the confusion apparent in the Commissioner's brief regarding whether the court must convert the Motion to Dismiss

into a motion for summary judgment. In support of his Motion to Dismiss, the Commissioner filed the "Declaration of Paul Halse," the Acting Chief of the Social Security's Court Case Preparation and Review Branch, and Mr. Halse's Declaration includes three exhibits regarding the proceedings before the Commissioner. (Comm'r Br.) (Attach. 1). Citing Fed. R. Civ. P. 12(d) and <u>David v. City and County of Denver</u>, 101 F.3d 1344, 1352 (10th Cir. 1996), the Commissioner asserts that if the court considers evidence outside the pleadings in this case, it must convert the "Rule 12(b) motion to dismiss into a Rule 56 motion for summary judgment." (Comm'r Br. 1, n.2).

As the Commissioner's brief suggests, Rule 12(d) requires that where a court considers matters outside the pleadings to decide a motion under Rule 12(b)(6) or Rule 12(c), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, however, the Commissioner's motion is properly considered as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). "[A] motion under Rule 12(b)(1) 'may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.'" <u>Davis ex rel. Davis v. United States</u>, 343 F.3d 1282, 1295 (10th Cir. 2003) (hereinafter <u>Davis v. U.S.</u>) (quoting <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995)). The court in <u>Davis v. U.S.</u> held that, "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.' 'In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to

3

dismiss] to a Rule 56 motion [for summary judgment].'" Davis v. U.S., 343 F.3d at 1296 (quoting Holt, 46 F.3d at 1003) (brackets in Davis v. U.S.). The David case cited by the Commissioner does not require a different result. The court in David was considering whether the district court had properly converted a motion to dismiss pursuant to Rule 12(b)(6) to a motion for summary judgment. David, 101 F.3d at 1352. Such is not the case here. Therefore, the court will consider the declarations filed by the parties along with the affidavit of Plaintiff as that evidence relates to jurisdictional facts, but will not convert the Commissioner's Motion to Dismiss into a motion for summary judgment.

In his Declaration, Mr. Halse asserts that "to the best of my knowledge and belief" the following facts are disclosed in the Social Security Administration's (SSA) electronic folder relating to the disability claim of Plaintiff before the SSA. (Halse Declaration 2). Mr. Halse asserts that Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) on August 17, 2006, and that an Administrative Law Judge (ALJ) issued a Notice of Decision - Unfavorable on June 19, 2009. (Halse Declaration 2-3) (citing Halse Exhibit 1). Mr. Halse also asserts that copies of the unfavorable decision "were mailed to the plaintiff, and her representative, at the addresses of record." Id. at 3 (citing Halse Exhibit 1).

Plaintiff filed her response to the Commissioner's motion, and included as exhibits her own affidavit, and a declaration from David Bates, the "manager of appeals," from her attorney's law firm (Parmele Law Firm). (Doc. 11) (with two attached exhibits) (hereinafter Pl. Response). Mr. Bates asserts that the Parmele Law Firm never received

4

the Unfavorable Decision from the Kansas City Office of Adjudication and Review until it was forwarded to the firm at counsel's request on December 9, 2009. (Pl. Response) (Ex. 1 (Bates Declaration 2)). Plaintiff asserts in her affidavit that she never received the Unfavorable Decision, and that to the best of her knowledge no one at her address received the Unfavorable Decision until the Parmele Law Firm notified her of the decision in December 2009. Id. (Ex. 2 (Pl. Affidavit)).

Plaintiff's request for Appeals Council review of the unfavorable decision was dated December 11, 2009 and was submitted along with Counsel's "Statement of Good Cause" arguing that because the decision was never received by Plaintiff or her counsel, the Council should find that Plaintiff had shown good cause for filing an untimely request for review. (Halse Declaration, Ex. 2). The Appeals Council found that Plaintiff's Request for Review was untimely filed and could be accepted out of time only if "good cause is shown for missing the deadline." Id., Ex. 3 (citing 20 C.F.R. §§ 404.968(b), 416.1468(b)). The Council noted Plaintiff's assertion that neither she nor her counsel received a copy of the notice of decision, but found that "no evidence was submitted, i.e., postmarked envelope or evidence of contact with hearing office personnel, to support the statement." Id. Therefore, it found "that there is no good cause to extend the time for filing and, accordingly, dismisse[d] the claimant's request for review." Id. Because the Appeals Council dismissed Plaintiff's request for review, the Commissioner argues that Plaintiff has not exhausted administrative remedies, and there is no "final decision" over which the court might exercise jurisdiction for judicial review. (Comm'r Br. 4-5).

5

The Commissioner argues that the evidence shows the agency mailed the notice of unfavorable decision to Plaintiff and her counsel at their addresses of record, that Plaintiff provided no evidence otherwise, that the "presumption of regularity" supports the conclusion the agency mailed the notice of decision, and consequently Plaintiff's allegation that she did not receive due process of law lacks merit. Id. at 5-6 (citing Wilson v. Hodel, 758 F.2d 1369, 1372 (10th Cir. 1985); Halse Exs. 1 & 2). The Commissioner also argues that the Appeals Council's determination not to allow additional time to file a Request for Review is not subject to judicial review, and in any case, Plaintiff cannot show a valid basis to toll the time for filing her request for review with the Appeals Council. Id. at 6-7. Plaintiff argues, on the other hand, that the law is not as the Commissioner asserts, but that the administrative exhaustion requirement embodied in 42 U.S.C. § 405(g) may be waived by the Commissioner or may be waived by the court if Plaintiff states a constitutional claim which is wholly collateral to Plaintiff's claim for benefits and if Plaintiff will suffer irreparable injury if she is required to exhaust administrative remedies. (Pl. Response 3-4) (citing Matthews v. Eldridge, 424 U.S. 319 at 328 (1976); and Bartlett v. Schweiker, 719 F.2d 1059 (10th Cir. 1983)).

Although Plaintiff did not directly address the Commissioner's "presumption of regularity" argument, the court finds that argument does not apply in cases such as this where the issue is the existence or sufficiency of notice of an administrative decision. In that regard, the cases to which the Commissioner cites establish the unremarkable fact that a presumption of administrative regularity attaches to regular activities in which an

agency engages. Wilson, 758 F.2d at 1372; see also United States v. Chemical Foundation, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). However, the Commissioner does not cite legal authority that the presumption applies in cases such as this. The court's research however, found a case directly on point. Descheenie ex rel. Descheenie v. Bowen, 850 F.2d 624 (10th Cir. 1988). In Descheenie, the plaintiff, a member of the Navajo Tribe who spoke only Navajo, had applied for Social Security benefits for her son in 1971, and again in 1981. Id. at 625-26. The 1971 claim was denied and plaintiff did not appeal. Id. at 626. In 1981, the ALJ awarded benefits pursuant to both the 1971 and 1981 applications. Id. The Appeals Council reopened the ALJ's decision and eventually determined the 1971 application was administratively final, and denied benefits on the 1971 application, but granted benefits pursuant to the 1981 application. Id. at 627. On appeal, the district court reinstated the ALJ decision, and the Secretary appealed. Id. at 626.

Before the Tenth Circuit, the Secretary argued, as the Commissioner does here, that the presumption of administrative regularity along with other bases was "sufficient to establish the 'evidence' of the 1971 denial." 850 F.2d at 628. Citing Atteberry v. Finch, 424 F.2d 36, 39 (10th Cir. 1970), the court stated that accepting the Secretary's arguments would establish the existence of notice without any actual proof. Id. The court finds the decision of Descheenie compelling and holds that the presumption of administrative

regularity is not applicable in cases such as this, where the issue is whether sufficient notice has been given.

As Plaintiff argues, the administrative exhaustion requirement may be waived by a court "if a constitutional claim is wholly collateral to the substantive claim of entitlement, and there is a showing of irreparable injury not recompensable through retroactive payments." Bartlett, 719 F.2d at 1061 (citing Eldridge, 424 U.S. at 330-31 & n.11; Franks v. Nimmo, 683 F.2d 1290, 1295 (10th Cir. 1982); New Mexico Ass'n for Retarded Citizens v. New Mexico, 678 F.2d 847, 851 (10th Cir. 1982); Martinez v. Richardson, 472 F.2d 1121, 1125 (10th Cir. 1973)). Therefore, the question presented here is threefold: (1) whether there is a constitutional claim wholly collateral to the substantive claim of entitlement, and (2) whether Plaintiff has shown irreparable injury (3) which is not recompensable through retroactive payments.

Plaintiff asserts she has met the second and third elements of this inquiry because she has since lost her disability insured status and if she is required to exhaust administrative remedies, she will never be able to secure disability insurance benefits or retroactive payments even if she is determined to be disabled. The Commissioner did not reply to Plaintiff's assertion, and the court finds that Plaintiff correctly states the reality of applying for disability insurance benefits if she is required to once again submit her application to the Commissioner. The court finds she has met the second and third elements. The court is left to decide whether Plaintiff has stated a constitutional claim which is wholly collateral to her substantive claim for benefits, and it finds that she has.

Assuming that Plaintiff has stated a valid claim for denial of due process of law, that claim is wholly collateral to her claim for benefits, because it is based on a claim of lack of constitutionally sufficient notice that her claim for benefits was denied rather than on her substantive claim of entitlement to benefits.

However, on the facts presented by the parties, the court is unable to determine whether Plaintiff has a valid due process claim because it is unable to determine whether Plaintiff was provided constitutionally sufficient notice. The Commissioner asserts that notice was mailed to Plaintiff and to her counsel at their correct addresses and they are presumed to have received it. Plaintiff admits that due process does not require that notice actually be received, but asserts that "the common law presumption that an item properly mailed was received by the addressee arises [only] upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." (Pl. Response 5) (citing Davis v. United States Postal Serv., 142 F.3d 1334, 1340 (10th Cir. 1998)) (hereinafter Davis v. Postal Serv.). Plaintiff is correct.

A court in this district has previously decided precisely this issue. Slocum v. Astrue, No. 09-1310-WEB, 2010 WL 1418409 (D. Kan. Feb. 9, 2010) report and recommendation adopted by the district court on Apr. 6, 2010 at Docket No. 13. In Slocum as in this case (except for the relevant dates), Plaintiff asserted that neither she nor her counsel had received a "Notice of Decision - Unfavorable" dated April 13, 2009 until counsel called the SSA on July 1, 2009. Slocum, 2010 WL 1418409 *1. The next day, Plaintiff filed a request for review of the decision, and shortly thereafter the Appeals

Council dismissed the request for review as untimely filed, and found no good cause to extend the time for filing. Id. at *1-2. In Slocum the Appeals Council found no basis to support the plaintiff's assertion that she had not received notice for essentially the same reasons given by the Appeals Council in this case: The addresses on the notice were the addresses of record for plaintiff and her attorney, and there was no evidence of undelivered mail returned to the hearing office. Id.

The Slocum court noted the principal from Davis v. Postal Serv. that the "common law presumption that an item properly mailed was received by the addressee arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." Id. at *5 (citing 142 F.3d at 1340). The court quoted the Davis v. Postal Serv. court's holding that such proof could only be had based upon evidence presented on personal knowledge of such mailing, or evidence "**regarding the customary mailing practices of the [] office that would permit an inference that the letter had sufficient postage and was mailed.**" Id. (quoting 142 F.3d at 1340) (bold in Slocum). The court noted the SSA presented an affidavit to the best of the affiant's knowledge and belief that copies of the decision had been mailed to the plaintiff and to her representative. Id. at *7. The court found ambiguities in the evidence precluding a finding that the notice had been mailed, and recommended remand "for the Commissioner to conduct an evidentiary hearing . . . and to make findings as to whether plaintiff was mailed a copy of the ALJ decision . . ., and, if so, the date the notice was mailed." Id. (noting courts which have remanded cases for a hearing to determine if the claimant had received effective notice of

an unfavorable decision; Costello ex rel. Bascombe v. Barnhart, 125 Fed. Appx. 920, 921 (10th Cir. 2005); Penner v. Schweiker, 701 F.2d 256, 260-61 (3rd Cir. 1983); McKentry v. Sec'y of Health & Human Servs., 655 F.2d 721, 724 (6th Cir. 1981); Francisco v. Barnhart, 366 F. Supp. 2d 461, 467-68 (S.D. Tex. 2004); Bellantoni v. Schweiker, 566 F. Supp. 313, 316 (E.D.N.Y. 1983).

The court finds that the same procedure is appropriate here. While the Commissioner presents Mr. Halse's declaration as evidence that the notice of decision was mailed, that declaration is not based on personal knowledge of actual mailing with sufficient postage. Rather, Mr. Halse attributes his knowledge to the SSA's electronic folder in this case, and the exhibit to which he cites is merely a copy of the notice of decision which contains the record addresses of Plaintiff and her counsel. That evidence says nothing to raise an inference that the notice was actually deposited in the mail. The Appeals Council based its finding of no good cause upon a finding that no evidence was submitted by Plaintiff to support her contention that neither she nor her counsel received the notice. (Halse Declaration, Ex. 3). The evidence before the court shows nothing whereby the Appeals Council might infer that the notice was actually deposited in the mail. Therefore, it may not rely upon the common law presumption that the notice was received, and may not require Plaintiff to provide evidence suggesting otherwise.

The Commissioner argues that "The agency uses a computerized system to create and mail millions of notices each year;" that the same system created the notice of administrative hearing and the Appeals Council's order dismissing the request for review,

11

both of which were received by Plaintiff and her counsel; and that the addresses of record have not changed during the course of the administrative proceeding. (Comm'r Br. 6). He then argues that it is reasonable to conclude that the notice of decision was actually mailed to the same addresses. Id. What the Commissioner misses is that because the notice of administrative hearing and the Appeals Council order were received by Plaintiff and her counsel, that is evidence allowing an inference that those documents had sufficient postage and were deposited in the mail. Whereas the court has already found that there is simply no evidence before the court from which an inference might be drawn that the notice of decision at issue here had sufficient postage or that it was deposited in the mail.

Therefore, this case must be remanded to the Commissioner to hold an evidentiary hearing, including testimony and/or affidavits, and to make findings as to whether plaintiff was mailed a copy of the ALJ decision dated June 19, 2009. At the hearing, the Commissioner would have an opportunity to present evidence from an individual with personal knowledge of mailing, or that would permit a reasonable inference as discussed herein whether the notice had sufficient postage and was deposited in the mail. If the Commissioner finds the notice was properly mailed, he may find that Plaintiff was given constitutionally sufficient notice and that the Appeals Council properly dismissed Plaintiff's request for review. If he cannot find constitutionally sufficient notice, the Appeals Council's November 12, 2010 order dismissing Plaintiff's request must be

vacated, and Plaintiff's request for review of the hearing decision must be accepted as timely filed.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss (Doc. 9) is DENIED.

**IT IS FURTHER ORDERED** that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further development as discussed in this opinion.

Dated this 2nd day of May 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**